IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIQUAN S. GRAYSON,[1] | No. 2:23-CV-2861-DMC-P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner has not filed a complete application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee.  See 28 U.S.C. §§ 1914(a), 1915(a).  Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee.  As to the certification requirement, while a copy of Petitioner's prison trust account statement certified by prison officials is not required to satisfy the requirement, such a statement will suffice.  Petitioner is

---

[1] On December 18, 2023, Petitioner filed a notice indicating that his name had been misspelled on the docket.  The Clerk of the Court will be directed to update the docket to reflect the spelling of Petitioner's first name as indicated in the caption above.

warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 110.

The Court has also reviewed Petitioner's petition, ECF No. 1.  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Rule 2(a), Federal Rules Governing Section 2254 Cases.  Here, Petitioner names "Unknown" as the respondent.  Because Petitioner has not named the appropriate state officer, Petitioner will be provided leave to amend to correct this technical defect by naming the correct respondent.  See Stanley, 21 F.3d at 360.  Petitioner is warned that failure to comply with this order may result in the dismissal of this action.  See Local Rule 110.

1. Petitioner's petition for writ of habeas corpus, ECF No. 1, is dismissed with leave to amend.

2. Petitioner shall file an amended petition on the form employed by this court, and which names the proper respondent and states all claims and requests for relief, within 30 days of the date of this order.

3. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee.

4. The Clerk of the Court is directed to send Petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner.

5. The Clerk of the Court is directed to send Petitioner the Court's form habeas corpus application.

6. The Clerk of the Court is directed to update the docket to reflect the correct spelling of Petitioner's first name as "Liquan."

Dated:  January 11, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE